(64 App. Div. 542.)

BRYANT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 23, 1901.)

1. ATTORNEY AND CLIENT—SUBSTITUTION.

Where a mother engages an attorney to prosecute her claim for damages for injuries to an infant son for a contingent fee, thereafter, in an action by the son, for whom the mother has been appointed guardian ad litem, for such injuries, plaintiff is entitled to have another attorney substituted.

2. SAME—COMPENSATION.

Where a mother engages an attorney to prosecute her claim for damages for injuries to an infant son for a contingent fee, and thereafter, in an action by the son, for whom she has been appointed guardian ad litem, for the injuries, another attorney is substituted, such former attorney is entitled to have a provision inserted in the order of substitution that, in the event of recovery, no portion shall be paid out without notice to him, so that he may have the value of any compensation due him fixed.

Appeal from special term, Kings county.

Action by Eddie Bryant, an infant, by Mary Harper, his guardian ad litem, against the Brooklyn Heights Railroad Company. From an order denying a motion for substitution of attorneys, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

J. M. Birnbaum, for appellant.
William O. Miles, for respondent.

GOODRICH, P. J. This action is brought by Mary Harper, the mother and guardian ad litem of the infant who is alleged to have been injured on the defendant's railroad. On the day of the accident a representative of Mr. William O. Miles went to the house of Mrs. Harper, and procured from her a contract in writing, by which she retained Mr. Miles to prosecute an action against the company, and agreed to pay him 40 per cent. of whatever money or equivalent might be realized by her upon her claim for damages for the injuries received by her son. In one of the affidavits upon which motion was made for the substitution of Mr. J. M. Birnbaum as plaintiff's attorney in place of Mr. Miles, Mrs. Harper swears that she was very much excited at the time she signed the paper, and acted without any forethought, and that directly after, and upon careful deliberation, she decided it would be more advisable to retain an attorney in whom she could place implicit confidence, Mr. Miles being a total stranger. On recommendation of some of the neighbors, she sent for Mr. Birnbaum, and had him act for her thereafter, and desires to have him act for her in the future. The application for substitution was denied at special term, without opinion. It appears to me that it should have been granted. Whatever effect can be given to the contract of Mrs. Harper, it could not bind her as guardian ad litem in this suit. The recovery herein, if there ever is any, will be absolutely under the control of the court, and no part of it can be paid to any attorney without the sanction and order of the court. Under the rule that a client is entitled to change his attorney at will, Mrs. Harper has a perfect right to have Mr. Birnbaum substituted for

Mr. Miles, and such change carries with it no imputation against Mr. Miles. Ordinarily, such a substitution would not be ordered without providing for the payment of the former attorney, or requiring that security be given for his payment. Here a payment cannot be required, for the guardian ad litem evidently is not in possession of any money out of which to make such payment. On the other hand, Mr. Miles should undoubtedly be paid the reasonable value of the services which he performed up to the time that he was notified by Mrs. Harper that his services would no longer be required. The court, in granting the order of substitution, can insert therein a provision to the effect that, in the event of a recovery in the action, no portion thereof shall be paid out without notice to Mr. Miles, so that he may have an opportunity to have the value of his compensation fixed; and it can be awarded to him at the same time that provision is made for the payment of the substituted attorney.

I think the order should be reversed, and the motion for substitution granted, upon the terms which I have suggested. All concur.